BRIAN D. BERTOSSA, ESQ. (SBN 138388)
TERRY A. WILLS, ESQ. (SBN 133962)
STEPHEN R. McCUTCHEON, JR., ESQ. (SBN 191749)
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CALIFORNIA 95814
TELEPHONE NO.:  916-442-3100
FACSIMILE NO.:  916-442-4227

Attorneys for Defendant PAR ELECTRICAL
CONTRACTORS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY J. OLSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAR ELECTRICAL CONTRACTORS, INC., a Missouri Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.  CV 11-08980 SJO (JCGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:   September 27, 2011 |

1

PROTECTIVE ORDER

All parties to the above-captioned proceeding, by and through their attorneys, and Southern California Edison Company ("SCE") stipulate to the following Protective Order governing the confidentiality of documents and information produced by the parties and SCE, either directly or through a third-party, during this litigation.

1.      This Protective Order shall apply to documents, materials, testimony, discovery responses, and any other information which have already been, or will in the future be, produced by or on behalf of Defendant PAR ELECTRICAL CONTRACTORS, INC. ("PAR"), SCE, or a THIRD PARTY during the course of this matter.

2.      <u>Definitions</u>:  The following terms shall have the meanings below for purposes of this Protective Order:

    a.  "PARTIES" shall include Plaintiff LINDSAY OLSON and Defendant PAR, and each of their respective employees, agents, and attorneys.

    b.  "THIRD PARTIES" shall include CH2M Hill and Burns & McDonnell, and each of their respective employees, agents, and attorneys.

    c.  "SCE CONFIDENTIAL MATERIALS" means information which SCE in good faith believes constitutes, contains, reveals or reflects critical energy infrastructure information, trade secret or other confidential research, development, or commercial information, including, but not limited to, financial information, costs, pricing, and business information about any party which is not publicly known, and in regard to critical energy infrastructure information may have national security implications.

3.      The PARTIES and SCE agree and stipulate that, upon entry of this Protective Order, all documents, materials, testimony, discovery responses,

and other information which have already been, or will in the future be, produced by or on behalf of Defendant PAR, SCE, or a THIRD PARTY shall be deemed SCE CONFIDENTIAL MATERIALS subject to this Protective Order.

4.   All copies, prints or other reproductions, summaries, notes, synopses or any other memorialization of SCE CONFIDENTIAL MATERIALS, or the information contained therein, shall be deemed SCE CONFIDENTIAL MATERIALS subject to this Protective Order.

5.   SCE CONFIDENTIAL MATERIALS which are set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings in this matter shall likewise be deemed SCE CONFIDENTIAL MATERIALS subject to this Protective Order.

6.   SCE CONFIDENTIAL MATERIALS may only be used for purposes of this lawsuit, and any appeals arising therefrom.  Except as otherwise provided herein, SCE CONFIDENTIAL MATERIALS shall not be disclosed in any manner to anyone other than to the following: the PARTIES (including their present and former officers, employees, and agents directly involved in the prosecution or defense of this action), their respective outside or in-house counsel (including partners, associates, paralegals, clerical and support personnel), their witnesses and potential witnesses, and their experts and consultants; Court officials involved in this action (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court), and any mediator or other person presiding over formal alternative dispute resolution sessions.  If a PARTY wishes to disclose any SCE CONFIDENTIAL MATERIALS to any person not described in this paragraph, permission to do so must be requested in writing from SCE.  If SCE objects to the proposed disclosure, SCE

**PROTECTIVE ORDER**

shall have five (5) court days to meet-and-confer with the PARTY seeking the disclosure before such disclosure is permitted subject to the terms of this paragraph.  During the meet-and-confer period, SCE and the PARTY seeking the disclosure shall discuss alternatives to permit the disclosure while still protecting the SCE CONFIDENTIAL MATERIALS, including, but not limited to, permitting SCE to redact the SCE CONFIDENTIAL MATERIALS before the disclosure.  If SCE and the PARTY seeking the disclosure cannot agree on a mutually-acceptable approach, SCE shall have five (5) additional court days in which to seek a protective order prohibiting the disclosure.  This five (5) day period shall commence immediately upon the expiration of the five (5) day meet-and-confer period and, upon its commencement, the PARTY seeking the disclosure shall not thereafter disclose the SCE CONFIDENTIAL MATERIALS without leave of Court upon resolution of SCE's motion for a protective order.

7.     The PARTIES agree and stipulate that SCE shall review the documents Defendant PAR has produced to date in this litigation and replace those documents with an identical production set containing redactions to remove SCE CONFIDENTIAL MATERIALS.  The Plaintiff and SCE agree they will meet-and-confer in good faith to resolve any dispute over the redacted documents before seeking the Court's involvement.

8.     It is anticipated that with these redactions, and similar redactions in other THIRD PARTY document productions, it will not be necessary for the PARTIES to file documents provisionally under seal or for the PARTIES, SCE, or THIRD PARTIES to seek any protective orders restricting or prohibiting the use or introduction of documents.  However, the PARTIES and SCE stipulate and agree that SCE may, within five (5) court days, object to the introduction of any unredacted document containing SCE CONFIDENTIAL MATERIALS into the record in this litigation (*e.g.*, in a filing, deposition, or at trial).  Such

**PROTECTIVE ORDER**

objection shall be solely to remove SCE CONFIDENIAL MATERIALS from the record by: (1) filing the entire unredacted document under seal, or, if possible, (2) simply redacting any SCE CONFIDENTIAL MATERIALS from the document if doing so would alleviate SCE's confidentiality concerns.

9.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the PARTIES, SCE, and THIRD PARTIES without unnecessarily involving the Court. Nothing in this stipulated Protective Order, or the production of any information or document under the terms of this  stipulated Protective Order, shall be deemed an admission or waiver by any PARTY, SCE, or THIRD PARTY concerning the confidentiality or non-confidentiality of any such document or information.

10.     This Protective Order shall survive the final termination of this action.  Upon termination of this lawsuit, by dismissal, judgment or settlement, each  PARTY'S counsel shall promptly destroy or return to the producing PARTY, SCE, or THIRD PARTY all SCE CONFIDENTIAL MATERIALS, including all designated materials of the type described in paragraphs 3, 4, and 5 of this Protective Order, in the possession of that PARTY'S counsel, consultants and experts.  Those documents containing notations or other material which are privileged or constitute work product shall be destroyed.

The terms of this stipulated Protective Order shall become effective when it is mutually executed by the respective attorneys for the PARTIES and SCE.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED:  June 22, 2012              COOK BROWN, LLP
                                   BRIAN D. BERTOSSA, ESQ.
                                   TERRY A. WILLS, ESQ.
                                   STEPHEN R. McCUTCHEON, JR., ESQ.

                                   By:  /s/ Stephen R. McCutcheon, Jr.
                                   _____
                                   Attorneys for Defendant
                                   PAR ELECTRICAL CONTRACTORS, INC.

PROTECTIVE ORDER

DATED:  June 22, 2012                LAW OFFICE OF THOMAS H. EDWARDS

                                     By:  /s/ Thomas H. Edwards
                                     _____
                                     Attorneys for Plaintiff
                                     LINDSAY J. OLSON


DATED:  June 22, 2012                SOUTHERN CALIFORNIA EDISON
                                     COMPANY

                                     By:  /s/ James J. Ward
                                     _____
                                     Attorneys for Southern California
                                     Edison Company


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  June 28, 2012        _____

                                     United States Magistrate Judge

                                     Hon. Jay C. Gandhi